UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA BEATTY, | : | Case No. 1:11-cv-58 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| | : | |
| Defendant. | : | |

**ORDER THAT PLAINTIFF'S APPLICATION FOR ATTORNEY FEES AND EXPENSES (Doc. 24) IS GRANTED AND PLAINTIFF IS AWARDED $2,900.00**

This case is a Social Security disability benefits appeal in which the Court reversed the non-disability finding of the Administrative Law Judge ("ALJ") below and remanded for additional administrative proceedings pursuant to Sentence Four of Section 405(g). Seeking to be compensated for the legal expenses and fees incurred in obtaining the reversal and remand, Plaintiff has filed a fee application (Doc. 24) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which is opposed by the Commissioner of Social Security ("Commissioner") (Doc. 25).

Plaintiff's fee request seeks payment for 15 hours of work, at an hourly rate of $170.00. (Doc. 24 at 6-7). Plaintiff also seeks an award of $350 for costs and expenses. The Commissioner claims that its position was "substantially justified" and therefore fees are not warranted. (Doc. 25 at 1). Additionally, the Commissioner opposes the

reasonableness of the hourly rate that Plaintiff's attorney has requested. (*Id.*)[1]

### A.  Substantially Justified

The EAJA provides that:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Recognizing that plaintiff is a "prevailing party" as defined; that this civil action was brought against the United States; to review agency action by the Social Security Administration; and in a court with proper subject matter jurisdiction, *see* 42 U.S.C. § 405(g), EAJA fees appear warranted, provided that the Commissioner's position during this litigation was not "substantially justified," and that no "special circumstances" exist to bar a fees award.

The "substantial justification" and "special circumstances" criteria are addressed in turn.

As the Sixth Circuit has explained:

> The Supreme Court . . . has adopted a reasonableness standard for determining if substantial justification exists.  For the government's position to be substantially justified under the EAJA, its position must be justified in substance or in the main. Thus, the proper standard in EAJA cases is whether the government's position was justified, both in fact and law, to a degree that could satisfy a reasonable person.

---

[1]  Defendant has <u>not</u> opposed Plaintiff's request for costs/expenses, nor that Plaintiff's counsel expended 15 hours, nor that Plaintiff is the prevailing party, nor the accuracy and authenticity of the cost of living evidence provided.

2

*Tate v. Sec'y of Health & Human Servs.*, No. 94-3992, 1995 WL 646495, at *2 (6th Cir. Nov. 2, 1995) (per curiam) (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)).

In a Report and Recommendation – subsequently adopted by this Court, Magistrate Judge Litkovitz found that the Administrative Law Judge's ("ALJ") non-disability finding was subject to reversal and remand because, despite giving Dr. Chambly's opinion "significant weight," the ALJ failed to consider the production quota restriction within his RFC, which would preclude Plaintiff from working.  (Doc. 15 at 5-6).   Because the ALJ did not articulate the reason for rejecting this portion of Dr. Chambly's RFC, this Court could not engage in meaningful review and the ALJ committed an error of law.  *Bledsoe v. Comm'r of Soc. Sec.*, No. 09cv564, 2011 U.S. Dist. LEXIS 11925, at *12 (S.D. Ohio Feb. 8, 2011).  According, the Court finds, as a matter of law, that the Commissioner's decision to support the ALJ's non-disability finding during the litigation of this matter was *not* justified, in both fact and law, to a degree that could satisfy a reasonable person.  In light of the Court's findings concerning the ALJ's decision, and its fundamental improprieties, the Court cannot find that the Defendant's support of the ALJ's reasoning was substantially justified.

  B.  **Reasonableness of Hourly Rate**

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee."  29 U.S.C. § 2412(d)(2)(A).  On March 29, 1996, Congress

increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. *See* The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). Additionally, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. § 2412(d)(2)(A).

The Consumer Price Index ("CPI") is the best indicator for computing the increase in the cost of living. The CPI All Items Index average was 155.7 in March 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in February 2012, was 227.663. *See* www.bls.gov/cpi. Thus, the common ratio of change is 1.46 (227.663 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 statutory cap results in a current hourly rate of $182.50 ($125.00 x 1.46). *See also Mullins v. Comm'r of Soc. Sec.*, 3:10cv404 (Feb. 27, 2012) (J. Rose).

Plaintiff seeks an award of $2,550.00. When that figure is divided by the number of compensable hours (15), it results in an hourly fee of $170.00, which is within the EAJA's reasonable allowable fee. Therefore, under the facts of this case, an EAJA fee of

4

$2,550.00 is appropriate.

Therefore, the EAJA fee application (Doc. 24) is **GRANTED** as set forth herein, and Plaintiff is hereby **AWARDED** the sum of **$2,900.00** in fees and costs ($2,550.00 in fees and $350.00 in costs).  This award satisfies Plaintiff's claims for fees, expenses, and costs under 28 U.S.C. § 2412.[2]

**IT IS SO ORDERED.**

Date:   3/29/12                             s/ Timothy S. Black
                                            Timothy S. Black
                                            United States District Judge

---

[2] Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States.  *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).